UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

CHRISTOPHER STANTON and                          CASE NO. 07-52224
COURTNEY B. STANTON

DEBTORS

J. JAMES ROGAN, TRUSTEE                          PLAINTIFF

v.                                               ADV. NO. 08-5041

HSBC MORTGAGE SERVICES, INC.                     DEFENDANTS
CALUSA INVESTMENTS, LLC
TONYA L. WATTS

**MEMORANDUM OPINION**

These matters having come before the Court on Defendants' Motion for Summary Judgment (DOC 19), and on Plaintiff's Motion for Summary Judgment (DOC 29), and hearings having been held on June 23, 2008, and August 12, 2008, and the Court having taken the matters under submission, the Court issues this Memorandum Opinion.

These matters are submitted to the Court on the issue of whether a trustee as a hypothetical lien creditor may avoid a lien when the only alleged deficiency is that the notary public who executed an acknowledgment had her surety appear in front of the County Clerk instead of submitting a notarized statement. The determination of this issue is dispositive of this adversary proceeding.

FINDINGS OF FACT

On February 23, 2007, Debtors executed a promissory note, and granted a mortgage to Defendant Calusa Investments, LLC. That mortgage was filed in the Jessamine County Clerk's Office on April 9, 2007.

Notary and Defendant, Tonya L. Watts, who executed the acknowledgment of the mortgage, had her surety appear in front of the

County Clerk instead of submitting a notarized statement.

CONCLUSIONS OF LAW

1. This Court has jurisdiction under 28 U.S.C. § 1334 in that it arises under Title 11 U.S.C.

2. This is a core proceeding under 28 U.S.C. § 157.

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. 11 U.S.C. § 544(a)(3) provides that as of the commencement of a bankruptcy case, the Bankruptcy Trustee holds the status of a bona fide purchaser of real property, and may avoid any transfer of property of the Debtor that would be avoidable by such a bona fide purchaser.

5. KRS 423.010 states that a notary shall give an obligation with good security, which shall be proven by a notarized statement from, and not the personal appearance of, the person providing the security, for the proper discharge of the duties of his or her office.

6. KRS 61.060 provides that a notary's certificate that appears valid on its face may only be attacked by a direct action against the notary or pursuant to a claim of fraud or mistake.

7. "Kentucky Revised Statute § 61.060 was enacted to stabilize the public records and make title to real estate in Kentucky more secure." In re St. Clair, 380 B.R. 478, 485 (6th Cir. B.A.P. 2008).

ANALYSIS

The Trustee has not alleged fraud or mistake as to the mortgage. The Trustee is arguing mistake as to the notary having her surety appear in person instead of providing a notarized statement. However, it is clear who both the notary and surety are from the Notary Public Bond, and the mortgage is facially valid. To allow the Trustee to avoid the mortgage here would contradict the purposes of KRS § 61.060,

and would be inconsistent with <u>In re St. Clair</u>.

Since <u>In re St. Clair</u> is dispositive of this adversary proceeding, no further analysis of any other arguments is needed.

This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law. A separate order SUSTAINING Defendants' Motion for Summary Judgment; OVERRULING Plaintiff's Motion for Summary Judgment; and DISMISSING the Adversary Proceeding will be issued.

COPIES TO:

John P. Brice, Esq.
J. James Rogan, Esq.
John S. Roberts, Esq.
Gerry L. Harris, Esq.
Debtors

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
<u>*Joseph M. Scott*</u>
**Bankruptcy Judge**
**Dated: Friday, August 15, 2008**
**(jms)**